STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RONALD A. BROWN AND CECIL E. JASPER, DEFENDANTS-APPELLANTS.

Argued November 22, 1971—Decided December 13, 1971.

540

Mr. *Thomas E. Bracken,* Assistant Deputy Public Defender argued the cause for appellant Ronald A. Brown (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

Mr. *Ronald B. Sokalski,* Designated Attorney, argued the cause for appellant Cecil E. Jasper (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Elson P. Kendall,* Assistant Prosecutor, argued the cause for respondent (*Mr. Karl Asch,* Union County Prosecutor, attorney).

PER CURIAM. Defendants Brown and Jasper were indicted jointly in a two-count indictment for (1) unlawful possession of marijuana contrary to *N. J. S. A.* 24:18–4 (now *N. J. S. A.* 24:21–20), and (2) for contributing to the delinquency of a named minor of the age of 14 contrary to *N. J. S. A.* 2A:96–4, by permitting her to be present on the premises at 627 South Second Street, Plainfield, N. J. while Brown and Jasper were in unlawful possession of marijuana. After jury trial, Jasper was convicted and Brown was acquitted on the first count. Both defendants were convicted on the second count. On appeal the Appellate Division in an unreported opinion affirmed the convictions. We granted certification in both cases. 58 *N. J.* 338, 339 (1971).

On May 8, 1969 at about 10:45 A.M. officers of the Plainfield Police Department searched the premises at 627 South Second Street in that city pursuant to a regularly issued and unchallenged search warrant. Marijuana was discovered in the first floor bathroom ceiling and in a garbage pail, also on that floor. When the officers appeared, Brown and Jasper were sitting on a couch on the first floor of the house. There was no evidence that anyone was using or smoking marijuana at the time.

Search of the second floor bedroom produced no more of the drug. However, one of the officers observed the 14 year old minor, clad only in a bathrobe, in one of the bedrooms. It later developed that she had run away from her home in Plainfield, 12 days earlier. All three persons were brought to headquarters, and the indictment referred to was returned shortly thereafter.

█ With respect to Jasper's appeal from the conviction for possession of marijuana, we are satisfied that it and the affirmance thereof by the Appellate Division were proper.

The evidence of Jasper's guilt was ample, and we agree that no meritorious basis exists for appellate interference.

However, the conviction of Jasper and Brown for contributing to the delinquency of the minor presents a different problem. Their indictment was based on a *single* charge, *i. e.*, that they contributed to her delinquency by permitting her to be present on the premises while they were in unlawful possession of marijuana. The State introduced no evidence whatever to show that the minor knew that either Brown or Jasper had marijuana on the premises, or that she was exposed to its use knowingly or unknowingly, or that anyone used it in any way in her presence, or encouraged her to use it, or suggested that she use it. Yet defendants' motion for acquittal on that ground was denied by the trial court.

In charging the jury as to the issue to be decided, the trial court did not confine its deliberations to a decision as to whether the State had shown beyond a reasonable doubt that the defendants had contributed to the delinquency of the minor by allowing her to be on the premises while they possessed marijuana. Nor did the court instruct the factfinders that in order to convict they had to be satisfied to the required degree that while the minor was in the house with the permission of the defendants, she knew that one or both of them possessed marijuana, or that she was exposed in some way to the fumes or odor of the drug as it was being used in her presence by one or both of them. Instead of relating the facts actually proved to the specific offense charged, the court instructed the jury that "any person who by any willful act encourages, causes or contributes to a child's delinquency is guilty of a crime" under *N. J. S. A.* 2A:96–4. Then the court proceeded to define juvenile delinquency by quoting substantially from *N. J. S. A.* 2A:4–14, saying,

Juvenile delinquency is hereby defined as the commission by a child under the years of 18 as follows: Any act or offense for which he could be prosecuted in the method partaking of the nature of a

criminal action or proceeding; or being a disorderly person, or habitual vagrancy, or incorrigibility or immorality or knowingly associating with thieves or vicious or immoral persons, or growing up in idleness or delinquency, or knowingly visiting or patronizing other places or establishments, his admission to which constitutes a violation of the law; deportment by the juvenile endangering the morals, health or general welfare of said child.

By this broad general instruction the judge presented to the jury issues that were not in the case at all under the indictment. In addition he pointed out factually that the child was a "runaway" and that

[c]onduct of this kind certainly may be found by the jury to be delinquent conduct. Now, whether or not the child was delinquent, of course, is an important factor. But the charge here is whether or not these defendants, either or both of them, contributed to the delinquency of a child. So that the jury must ask themselves whether or not the evidence presented by the State indicates that their acts of commission or omission were such as to aid or help or encourage this girl along in being a delinquent. And did they do so intentionally and knowingly. * * *

Immediately thereafter the judge discussed Jasper's denial that he even knew the girl was in the house, which, the judge continued, was disputed by the State. Then without mentioning Brown at all in this context, he said,

[s]o did the conduct of one or both of these defendants contribute to the delinquency of the child? This is a factual question.

and thus, in that broad framework, submitted the question of guilt of either or both of the defendants of the crime of willfully contributing to the girl's delinquency to the jury for decision.

A proper objection was made to the portions of the charge referred to, predicated on the ground that the only offense alleged in the indictment was contributing to the delinquency of the minor by allowing her in the house while the defendants were in possession of marijuana. The objection was overruled.

In view of all the circumstances in the case it is difficult to understand why the prosecutor sought and obtained such a limited indictment from the grand jury. But having done so, the State was obliged to prove some knowledge on the part of the minor of the presence of marijuana in the house, or that she was exposed in some way to that marijuana, which was knowingly permitted by the defendants or one of them. Even assuming there were some inferences indicating possible culpability within the terms of the indictment (which we do not find in the record) it was clear error to allow the jury to go beyond the limits of the crime alleged, and to find guilt on some general basis which defendants were not charged with nor informed by the indictment that they would be expected to meet.

Accordingly, the convictions of Brown and Jasper for contributing to the delinquency of a minor are reversed. However, Jasper's conviction under the first count of illegal possession of marijuana is affirmed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.